IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL TREVORAH, on behalf of himself and similarly situated employees,<br>　　　　　　　　Plaintiff,<br>　　v.<br>LINDE CORPORATION,<br>　　　　　　　　Defendant. | CIVIL ACTION<br><br>ELECTRONICALLY FILED ON March 22, 2016<br><br>CLASS/COLLECTIVE ACTION |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Plaintiff Michael Trevorah ("Plaintiff") brings this class/collective action lawsuit against Defendant Linde Corporation ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*  Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.  See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (FLSA collective claims and Rule 23 class claims may proceed together in same action).

## JURISDICTION AND VENUE

1.　　Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Binghamton, NY.

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant is a corporate entity headquartered in Pittston, PA (Luzerne County).

7. Defendant is an employer covered by the FLSA and the PMWA.

## FACTS

8. Defendant owns and operates a company that primarily services Pennsylvania's natural gas industry, providing customers with services such as, for example, the construction, installation, inspection, testing, and/or maintenance of well pads, pipelines, waterlines, sewage and waste disposal systems, compressor stations, water intake systems, and trenchless technology systems.

9. Since March 22, 2013, Defendant has employed over 50 individuals whose compensation has been determined, in part, based on Extra Compensation Units (a.k.a. "Additional Compensation Units" or "ECUs"). These individuals are referred to herein as "ECU Employees."

10. Defendant employed Plaintiff as an ECU Employee from approximately September 2011 until approximately May 2015.

11. When Plaintiff and other ECU Employees were credited with working 40 or fewer hours in a week, Defendant would pay them a fixed rate for each credited work hour. For example, during the week ending February 8, 2014, Plaintiff, whose fixed hourly rate was $35, was credited with working 36 hours and was paid $1,260 ($35 X 36 hours).

12. When Plaintiff and other ECU Employees reported working between 40 and 50 hours in a week, Defendant would pay them a fixed rate for each hour up to 40 and nothing for hours over 40. For example, during the week ending February 28, 2015, Plaintiff, whose fixed hourly rate was $35, reported working 44 hours and was paid $1,400 ($35 X 40 hours).

13. When Plaintiff and other ECU Employees reported working over 50 hours in a week, Defendant would pay them a fixed rate for each hour up to 40, nothing for hours between 40 and 50, and an ECU payment for some – but usually not all – of the hours over 50. For example, during the week ending May 17, 2014, Plaintiff, whose fixed hourly rate was $35, reported working 54.5 hours and was paid $1,400.00 ($35 X 40 hours) plus an ECU payment of $140 for a total of $1,540.

14. As indicated above, Defendant failed to pay Plaintiff and other

ECU employees overtime premium compensation calculated at 150% of their regular hourly pay rate for all work hours over 40 in a week. Had Defendant done so, Plaintiff, for example, would have been paid (i) $1,610 [($35 X 40 hours) + ($35 X 1.5 X 4 hours)] for the week ending February 28, 2015 and (ii) $2,161.25 [($35 X 40 hours) + ($35 X 1.5 X 14.5 hours)] for the week ending May 17, 2014.

15. Defendant's failure to pay overtime premium compensation for all overtime hours has been undertaken willfully and with reckless disregard of clearly applicable FLSA provisions.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who, during *any* week since March 22, 2013, have been employed by Defendant (or any affiliated business entity) under a compensation system that included Extra Compensation Units (a.k.a. "Additional Compensation Units" or "ECUs").

17. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

18. Plaintiff brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals who, during *any* week since March 22, 2013, have been employed by Defendant (or any affiliated business entity) under a compensation system that included Extra Compensation Units (a.k.a. "Additional Compensation Units" or "ECUs").

19. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

20. The class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

21. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

22. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

23. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common timekeeping and payroll policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal

principles to common facts.

24. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

25. All previous paragraphs are incorporated as though fully set forth herein.

26. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

27. Defendant violated the FLSA by failing to pay Plaintiff and the FLSA collective overtime premium compensation for all hours worked over 40 per week.

28. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
## (Alleging PMWA Violations)

29. All previous paragraphs are incorporated as though fully set forth herein.

30. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

31. Defendant violated the PMWA by failing to pay Plaintiff and the Rule 23 class members overtime premium compensation for all hours worked over 40 per week.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. An order permitting this action to proceed as a collective and class action;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA collective informing them of this action and permitting them to join (or "opt-in" to) this action;

C. Unpaid overtime wages and prejudgment interest;

D. Liquidated damages to the fullest extent permitted under the

FLSA;

    E.    Litigation costs, expenses, and attorneys' fees; and

    F.    Such other and further relief as the Court deems just and proper.

Date: March 22, 2016        Respectfully,

*/s/ Peter Winebrake*

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Brian Petula, Esq.
Crossover Law, PLLC
1143 Northern Boulevard, No. 121
Clarks Summit, PA 18411
(570) 561-1080

*Plaintiffs' Counsel*

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

_Michael Trevorah_
Name (Please Print Clearly)