IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MICHAEL TREVORAH, *et al.* | : | |
| Plaintiffs, | : | 3:16-cv-00492-JMM |
| v. | : | |
| | : | |
| LINDE CORPORATION, | : | |
| Defendant, | : | |
| | : | |

## COLLECTIVE ACTION SETTLEMENT AGREEMENT

The Parties (as defined below) agree to settle this litigation contingent upon judicial approval and pursuant to the following terms and conditions:

1.   **Definitions**.

**"Action"** means the above-captioned litigation.

**"Administrator"** means Settlement Services, Inc. (Tallahassee, FL).

**"Agreement"** means this Collective Action Settlement Agreement.

**"Approval Date"** means the date when the Court enters the Approval Order.

**"Approval Motion"** means the motion and accompanying papers to be prepared and filed by Plaintiffs' Counsel requesting the Court's entry of the Approval Order.

**"Approval Order"** means the order entered by the Court approving the settlement as a fair and reasonable resolution of a *bona fide* Fair Labor Standards Act dispute.

**"Claim Deadline"** means 56 calendar days after the Approval Date.

**"Claim Form"** means the form attached as Exhibit C.

**"Claimant"** means Trevorah and any Perez Opt-In, Non-Perez Opt-In, and Potential Opt-In who returns a Claim Form pursuant to Paragraph 5.

**"Court"** means the United States District Court for the Middle District of Pennsylvania.

**"Defendant"** means Linde Corporation.

**"Defense Counsel"** means McNees Wallace & Nurick LLC (Scranton, PA).

**"Non-Perez Opt-Ins"** means the following 29 individuals who already joined this Action and are not covered by the Perez Action:

| | |
|---|---|
| Allen | Kevin |
| Bailey | James |
| Barber | Michael |
| Bayer | Robert |
| Berchem | Charles |
| Best | William |
| Ciampi | Joseph |
| Connolly | Edward |
| Crane II | Charles |
| Foss | Stacey |
| Giampietro | John |
| Ladner | Thomas |
| Liuzzo | Samuel |
| Marlin | Joseph |
| Myers | Randy |
| Padavan | John |
| Perez | Jason |
| Puckett | Harry |
| Scalese | David |
| Scouton | Dustin |
| Sekula (Maroni) | Danielle |
| Sutton | Scott |
| Swartz | Jeremy |
| Tisano | David |
| Vukson | Mark |
| Wilcha | Nathan |
| Willis | Daniel |
| Yelland | Danny |
| Zak | Thomas |

**"Notice Form"** means the form attached as Exhibit B.

**"Parties"** means Trevorah and Defendant.

**"Payment Amount"** means, for each Claimant, the amount listed in Exhibit A.[1]

**"Perez Action"** means <u>Perez v. Linde Corporation</u>, 3:16-cv-00492-JMM (M.D. Pa.).[2]

**"Perez Opt-Ins"** means the following 12 individuals who already joined this Action and are covered by the Perez Action:

| | |
|---|---|
| Bennett | Andrew |
| Fetcho | Michael |
| Gurns | Jeff |
| Jacoby | Howard |
| Kehleher | Kevin |
| Maccollum | Scott |
| Maroni | John |
| Murphy | Tanner |
| Schwartz | Thomas |
| Seaman | Darrell |
| Steidinger | Norman |
| Trevorah | Mike |

**"Plaintiffs' Counsel"** means Winebrake & Santillo, LLC (Dresher, PA) and Crossover Law, PLLC (Clarks Summit, PA).

---

[1]   The Payment Amounts for Trevorah and Tanner Murphy have been increased by $5,000.00 in recognition of their service to the litigation.  These service awards will be disclosed to the Court and must be approved by the Court in the Approval Motion.  If the Court disapproves any portion of these service awards, the disapproved monies will enhance on a *pro rata* basis the Payment Amounts ultimately paid to the Claimants.  In addition, the Payment Amount for Non-Perez Opt-In David Tisano is fixed at $1,000.00 for reasons that will be explained to the Court in the Approval Motion.

[2]   Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the current U.S. Secretary of Labor, R. Alexander Acosta, has been substituted as the named plaintiff in place of former Secretary Thomas E. Perez.  Nonetheless, for convenience and consistency with prior frequent reference to the original plaintiff, the matter will be referenced herein as the "Perez Action."

**"Potential Opt-Ins"** means the following 32 individuals who have not yet joined this

Action *and* are not covered by the Perez Action:

| | |
|---|---|
| Acker | Pat |
| Astelford | Tom |
| Bailey | Tom |
| Bennett | Ryan |
| Bernard | Ed |
| Boland | Brian |
| Corrigan | Jerry |
| Crescente | Tom |
| Domiano | Tony |
| Dymond | James |
| Eltz | Brian |
| Festa | Joe |
| Fuller | Pete |
| Haines | Donald |
| Jugan | Joe |
| Kaczmarczyk | Mirek |
| Kemp | Pat |
| Knobl | Mellany |
| Kochanski | Albyn |
| Kost | Nick |
| Kroptavich | William |
| Lambrou | Pete |
| Manganello | William |
| Myers | Roger |
| Saam Jr | Dan |
| Scofield | John |
| Snyder | Rebecca |
| Spencer | Geroge |
| Sprague | George |
| Striefsky | Brian |
| Tuttle | Robert |
| Walker | Paul |

**"Released Claims"** means any and all wage and hour and wage payment claims of

whatever nature, known or unknown, arising on or prior to the Approval Date, including but not

limited to all claims asserted in or reasonably related to the Action, as well as all claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*, or any other federal, state, or local statute, regulation, ordinance, or common law legal theory (including unjust enrichment), for unpaid overtime compensation, minimum wages, other wages, expenses, liquidated damages, premium pay, interest, attorneys' fees, injunctive relief, or penalties related to overtime, minimum wages and other alleged wage and hour violations.

**"Released Parties"** means Defendant and any other business entity, owner, officer, agent, employee, successor, heir, spouse, administrator, executor, partner, assign, or representative in any way connected to the ownership or operation of the Defendant.

**"Settlement"** means the terms, conditions, and obligations described in this Agreement.

**"Trevorah"** means Michael Trevorah.

**2.** **Conditions Precedent**.  Settlement is contingent upon the Court's entry of an Approval Order.

**3.** **Maximum Settlement Amount**.  Defendants' maximum payment under this Settlement is $950,000.00.

**4.** **Release by Claimants**.  Upon the Approval Date, Claimants (on behalf of themselves and their past, present and future agents, successors, heirs, spouses, administrators, executors, partners, or assigns) release and forever discharge the Released Parties from the Released Claims, *except* that Perez Opt-Ins do *not* release any Fair Labor Standards Act claims arising after July 4, 2013 and being pursued in the Perez Action.

**5.** **Settlement Notice.**  Within 3 business days after the Approval Date, Plaintiffs' Counsel will mail to each Perez Opt-In, Non-Perez Opt-In, and Potential Opt-In a package

containing the Notice Form, the Claim Form, and pre-addressed envelope returnable to Plaintiffs' Counsel.  If the postal service returns any package to Plaintiffs' Counsel with a forwarding address, Plaintiffs' Counsel will promptly mail the package to the forwarding address.  If the postal service returns any package to Plaintiffs' Counsel without a forwarding address, Plaintiffs' Counsel will work diligently to obtain an updated address and will promptly mail the package to any updated address.  On the day falling 21 calendar days before the Claim Deadline, Plaintiffs' Counsel will re-mail the appropriate forms to any individual who has not returned a Claim Form. These re-mailed packages will be sent to the individual's last known address (as updated during the initial mailing process) plus any additional addresses obtained by Plaintiffs' Counsel through its independent research.  In order to be deemed a Claimant and receive a Payment Amount, individuals must return a Claim Form to Plaintiffs' Counsel on or before the Claim Deadline. Claim Forms may be returned by mail, fax, or as attachments to emails.  Any Claim Form mailed in an envelope postmarked on or before the Claim Deadline will be deemed timely.  Any Claim Form returned by fax or as attachments to emails must be received by Plaintiffs' Counsel on or before the Claim Deadline, as demonstrated by a valid fax or email confirmation of receipt, to be considered timely.  Within 3 business days after the Claim Deadline, Plaintiffs' Counsel will file with the Court a declaration describing Plaintiffs' Counsel's compliance with the above protocols and attaching copies of all timely Claim Forms (redacted to exclude personal address, phone, and email information).

      **6.**     **Payments to Claimants**.  On or before 14 calendar days after the Claim Deadline, Defendant will deliver to the Administrator a payment equaling the sum of all Claimants' combined Payment Amounts.  (The Defendant will not owe any payment in connection with this Agreement and/or the settlement of this case other than the combined Payment Amounts for those

Claimants listed in Exhibit A who return a timely and valid Claim Form plus the Payment to Plaintiffs' counsel noted in paragraph 7.)   On or before 21 calendar days after the Claim Deadline, the Administrator will deliver to Plaintiffs' Counsel (i) payroll checks payable to each Claimant in the gross amount of each Claimant's Payment Amount less all applicable employee-side and employer-side taxes and withholdings and (ii) an IRS W-2 form reflecting the payment.  Within 3 business days of receipt, Plaintiffs' Counsel will mail to each Claimant his/her payroll check and IRS W-2 form.

   **7.**      **Payments to Plaintiffs' Counsel.**  Plaintiffs' Counsel will request Court approval for an award of $313,500.00 to compensate Plaintiffs' Counsel for all recoverable attorneys' fees and litigation/settlement expenses (including all expenses incurred by the Administrator). Defendant will not oppose this request, which is subject to Court approval.   If the Court disapproves any portion of the $313,500.00 request, any disapproved monies will enhance on a *pro rata* basis the Claimants' Payment Amounts.  On or before 14 calendar days after the Claim Deadline, Defendant will deliver to Plaintiffs' Counsel a check payable to "Winebrake & Santillo, LLC – IOLTA Account" in the amount of the Court approved fees/expenses.

   **8.**      **No Representations**.  In entering into this Settlement, no Party relies on any statements, representations, or promises not described in this Agreement.

   **9.**      **Consent**.  Each Party has carefully read and understands this Agreement and has received independent legal advice with respect to the Agreement.

   **10.**     **Successors**.  This Agreement will inure to the benefit of and be binding upon each Party's heirs, successors, and assigns.

   **11.**     **No Assignments**.  No Party has assigned or transferred to any other person or entity any rights or interests relating to this Settlement.

12.     **No Presumptions**.  In interpreting this Agreement, there will not be any presumption of interpretation against any Party.

13.     **No Admissions and No Prevailing Party**.  This Settlement is the result of a compromise between the Parties for the sole purpose of resolving the Action and avoiding the time and expense of further litigation.  Nothing in this Agreement constitutes an admission of liability by any Party with respect to the subject matter of the Action.  This includes that Defendant denies any and all violation of law, wrongdoing and/or liability of any kind associated with the claims alleged in the Action.  Furthermore, neither this Agreement nor the settlement of the Action shall be used to suggest an admission of liability in any dispute that the Parties and/or Class Members may have now or in the future with respect to any person or entity, and nothing herein shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for a legal proceeding concerning the enforcement or interpretation of this Agreement.

14.     **Mutual Cooperation**.  The Parties will comply with the Agreement in good faith, and the Parties and their counsel will fully support the Agreement's approval and enforcement including against any legal challenge.

15.     **Confidentiality/Disclosure**.  (a)  Trevorah agrees that he will not communicate or disclose the terms of this Agreement, or the circumstances leading up to this Agreement, to any persons other than his spouse, significant other, immediate family, attorney, accountant and/or tax consultant, or as otherwise required by law.  However, Trevorah may disclose that this case has been resolved without referencing the terms of the Agreement.

(b)     Trevorah and Plaintiffs' Counsel will not publish or issue any press release or publicly comment or participate in any communication or contact with the media regarding this

settlement or any other matter related to this litigation and likewise will not post any information about the Action or the Settlement on any website and/or social media platform (including, without limitation, Facebook, LinkedIn, Twitter, etc.). If Trevorah or Plaintiffs' Counsel are contacted by the media, they will inform them only that the case has been amicably resolved.

16.     **Warranty of Authority**. Each signatory below warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party for whom he/she purports to sign.

17.     **Evidentiary Privilege**. This Agreement falls within the protection afforded compromises and offers to compromise under Federal Rule of Evidence 408 and Pennsylvania Rule of Evidence 408.

18.     **Applicable Law**. This Agreement will be governed, enforced, and interpreted according to Pennsylvania law.

19.     **Execution**. This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**NOW, THEREFORE,** intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: 4/10/2018

Michael Trevorah

Dated: 4/10/18

For Winebrake & Santillo, LLC

Dated: _____

For Crossover Law, PLLC

Dated: _____

For Linde Corporation

Dated: _____

For McNees Wallace & Nurick LLC

9

settlement or any other matter related to this litigation and likewise will not post any information about the Action or the Settlement on any website and/or social media platform (including, without limitation, Facebook, LinkedIn, Twitter, etc.). If Trevorah or Plaintiffs' Counsel are contacted by the media, they will inform them only that the case has been amicably resolved.

16.     **Warranty of Authority**. Each signatory below warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party for whom he/she purports to sign.

17.     **Evidentiary Privilege.** This Agreement falls within the protection afforded compromises and offers to compromise under Federal Rule of Evidence 408 and Pennsylvania Rule of Evidence 408.

18.     **Applicable Law**. This Agreement will be governed, enforced, and interpreted according to Pennsylvania law.

19.     **Execution**. This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**NOW, THEREFORE,** intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____

Dated: _4/10/18_          Michael Trevorah
                          _____
                          For Winebrake & Santillo, LLC

Dated: _4/10/18_          _____
                          For Crossover Law, PLLC

Dated: _____    _____
                          For Linde Corporation

Dated: _____    _____
                          For McNees Wallace & Nurick LLC

9

settlement or any other matter related to this litigation and likewise will not post any information about the Action or the Settlement on any website and/or social media platform (including, without limitation, Facebook, LinkedIn, Twitter, etc.). If Trevorah or Plaintiffs' Counsel are contacted by the media, they will inform them only that the case has been amicably resolved.

     **16.**    **Warranty of Authority**.  Each signatory below warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party for whom he/she purports to sign.

     **17.**    **Evidentiary Privilege**.  This Agreement falls within the protection afforded compromises and offers to compromise under Federal Rule of Evidence 408 and Pennsylvania Rule of Evidence 408.

     **18.**    **Applicable Law**.  This Agreement will be governed, enforced, and interpreted according to Pennsylvania law.

     **19.**    **Execution**.  This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

     **NOW, THEREFORE,** intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____

           _____
           Michael Trevorah

Dated: _____

           _____
           For Winebrake & Santillo, LLC

Dated: _____

           _____
           For Crossover Law, PLLC

Dated: _4-11-2018_

           _____
           For Linde Corporation

Dated: _____

           _____
           For McNees Wallace & Nurick LLC

settlement or any other matter related to this litigation and likewise will not post any information about the Action or the Settlement on any website and/or social media platform (including, without limitation, Facebook, LinkedIn, Twitter, etc.). If Trevorah or Plaintiffs' Counsel are contacted by the media, they will inform them only that the case has been amicably resolved.

16. **Warranty of Authority**. Each signatory below warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party for whom he/she purports to sign.

17. **Evidentiary Privilege**. This Agreement falls within the protection afforded compromises and offers to compromise under Federal Rule of Evidence 408 and Pennsylvania Rule of Evidence 408.

18. **Applicable Law**. This Agreement will be governed, enforced, and interpreted according to Pennsylvania law.

19. **Execution**. This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**NOW, THEREFORE,** intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____      _____
                              Michael Trevorah

Dated: _____      _____
                              For Winebrake & Santillo, LLC

Dated: _____      _____
                              For Crossover Law, PLLC

Dated: _____      _____
                              For Linde Corporation

Dated: 4/11/18                _____
                              For McNees Wallace & Nurick LLC

# Exhibit A

## Collective Action Settlement Agreement

# Exhibit A

| First Name | Last Name | Claimant Category | Individual Settlement Amount |
|---|---|---|---|
| | | Non-Perez Opt-In | $10,345.85 |
| | | Non-Perez Opt-In | $2,374.46 |
| | | Non-Perez Opt-In | $4,579.31 |
| | | Non-Perez Opt-In | $21,878.93 |
| | | Non-Perez Opt-In | $2,204.85 |
| | | Non-Perez Opt-In | $508.81 |
| | | Non-Perez Opt-In | $13,229.12 |
| | | Non-Perez Opt-In | $6,784.16 |
| | | Non-Perez Opt-In | $9,667.43 |
| | | Non-Perez Opt-In | $848.02 |
| | | Non-Perez Opt-In | $1,187.23 |
| | | Non-Perez Opt-In | $848.02 |
| | | Non-Perez Opt-In | $5,257.73 |
| | | Non-Perez Opt-In | $10,345.85 |
| | | Non-Perez Opt-In | $3,052.87 |
| | | Non-Perez Opt-In | $11,193.87 |
| | | Non-Perez Opt-In | $1,865.65 |
| | | Non-Perez Opt-In | $2,883.27 |
| | | Non-Perez Opt-In | $1,356.83 |
| | | Non-Perez Opt-In | $11,533.08 |
| | | Non-Perez Opt-In | $6,953.77 |
| | | Non-Perez Opt-In | $17,469.22 |
| | | Non-Perez Opt-In | $15,094.77 |
| | | Non-Perez Opt-In | $1,000.00 |
| | | Non-Perez Opt-In | $1,356.83 |
| | | Non-Perez Opt-In | $11,533.08 |
| | | Non-Perez Opt-In | $1,356.83 |
| | | Non-Perez Opt-In | $22,218.14 |
| | | Non-Perez Opt-In | $4,240.10 |
| | | Perez Opt-In | $5,201.19 |
| | | Perez Opt-In | $13,794.47 |
| | | Perez Opt-In | $13,568.33 |
| | | Perez Opt-In | $14,246.75 |
| | | Perez Opt-In | $11,420.01 |
| | | Perez Opt-In | $13,681.40 |
| | | Perez Opt-In | $14,020.61 |
| | | Perez Opt-In | $17,889.91 |
| | | Perez Opt-In | $14,133.68 |
| | | Perez Opt-In | $8,367.14 |
| | | Perez Opt-In | $14,472.89 |
| | | Perez Opt-In | $17,098.43 |
| | | Potential Opt-In | $12,550.70 |
| | | Potential Opt-In | $5,201.19 |
| | | Potential Opt-In | $10,515.46 |
| | | Potential Opt-In | $452.28 |
| | | Potential Opt-In | $15,038.23 |

# Exhibit A

| First Name | Last Name | Claimant Category | Individual Settlement Amount |
|---|---|---|---|
| | | Potential Opt-In | $3,052.87 |
| | | Potential Opt-In | $15,151.30 |
| | | Potential Opt-In | $1,809.11 |
| | | Potential Opt-In | $14,812.09 |
| | | Potential Opt-In | $11,985.36 |
| | | Potential Opt-In | $7,801.79 |
| | | Potential Opt-In | $1,696.04 |
| | | Potential Opt-In | $2,035.25 |
| | | Potential Opt-In | $791.49 |
| | | Potential Opt-In | $14,699.02 |
| | | Potential Opt-In | $8,593.28 |
| | | Potential Opt-In | $13,907.54 |
| | | Potential Opt-In | $565.35 |
| | | Potential Opt-In | $15,490.51 |
| | | Potential Opt-In | $3,392.08 |
| | | Potential Opt-In | $5,314.26 |
| | | Potential Opt-In | $4,635.85 |
| | | Potential Opt-In | $9,950.11 |
| | | Potential Opt-In | $14,812.09 |
| | | Potential Opt-In | $9,045.55 |
| | | Potential Opt-In | $15,603.58 |
| | | Potential Opt-In | $3,505.15 |
| | | Potential Opt-In | $12,776.84 |
| | | Potential Opt-In | $16,282.00 |
| | | Potential Opt-In | $15,038.23 |
| | | Potential Opt-In | $3,731.29 |
| | | Potential Opt-In | $5,201.19 |
| | | | **$636,500.00** |

# Exhibit B

## Collective Action Settlement Agreement

## NOTICE OF SETTLEMENT

### *Trevorah v. Linde Corporation*, 3:16-cv-00492-JMM
United States District Court for the Middle District of Pennsylvania

**TO:**   ***

**YOU ARE ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT OF THIS COLLECTIVE ACTION LAWSUIT.  IF YOU WANT TO RECEIVE MONEY FROM THE SETTLEMENT, YOU MUST FOLLOW THE INSTRUCTIONS BELOW.**

**THE JUDGE HAS AUTHORIZED THIS NOTICE.  IT SUMMARIZES THE SETTLEMENT AND EXPLAINS HOW YOU CAN CLAIM MONEY UNDER THE SETTLEMENT.**

| **1.     What is the Lawsuit About?** |
| --- |

In March 2016, a Linde Corporation employee named Michael Trevorah started this lawsuit in the Federal Court in Scranton, PA.  The lawsuit alleges that Linde violated federal and state wage laws by failing to pay sufficient overtime wages to employees who worked in non-office jobs and whose pay consisted of a salary plus "Extra Compensation Units" (also known as "ECUs").  These employees are called **"Salaried/ECU Employees."**

The lawsuit covers certain employees employed by Linde during the time period between March 22, 2013 and January 2, 2016.  This time period is called the **"March 13 – Jan. 16 Period."**

Linde denies violating the law and asserts that Salary/ECU Employees were compensated fairly and in compliance with the law and were not legally entitled to any extra overtime pay beyond their salaries and ECU payments.

| **2.     Why is there a settlement?** |
| --- |

The Judge has not and will not decide who will win this lawsuit.  That's because, in order to avoid the risks and delays of litigation, the parties have agreed to settle.  As you probably know, a settlement is a *compromise*.

On ***, the Judge approved the settlement as fair and reasonable.

| **3.     Does the settlement mean that Linde violated the law?** |
| --- |

No.  Linde has maintained all along, and continues to maintain, that it did nothing wrong and did not violate the law in any way with respect to wages or overtime pay.  However, Linde has agreed that it is best to settle the case and to move on, with a renewed focus to its business and its employees, rather than spending any more money and wasting any more valuable resources and time involved with litigation.

| **4.     How much money can I recover?** |
| --- |

The settlement covers **73** Salaried/ECU Employees who worked during the March 13 – Jan. 16 Period.  Under the settlement, these individuals will share in up to $636,500.

The 73 Salaried/ECU Employees covered by the settlement fall into three categories:

> **Category A:**  This category includes 29 individuals who already joined this lawsuit and are not covered by a related lawsuit filed by the United States Department of Labor and entitled <u>Perez v. Linde Corporation</u>, 3:16-cv-00492-JMM (U.S.D.C., M.D. Pa.).  Under the settlement, an individual falling into this category will recover approximately $170.44 for every week during the Relevant Period in which he worked full-time.

> **Category B:**  This category includes 12 individuals who previously joined this lawsuit and also are covered by the <u>Perez</u> lawsuit.  Under the settlement, an individual falling into this category will recover approximately $113.07 for every week during the Relevant Period in which he worked full-time.

> **Category C:**  This category includes 32 individuals who have not previously joined this lawsuit and are not covered by the <u>Perez</u> lawsuit.  Under the settlement, an individual falling into this category will recover approximately $113.07 for every week during the Relevant Period in which he worked full-time.

**You, \*\*\*, fall into Category \*\*\*.**  Thus, you are entitled to a settlement payment of approximately $\*\*\* for every week during the Relevant Period in which you worked full-time.  Based on an analysis of Linde payroll records, it has been determined that you worked a total of \*\*\* full-time weeks during the Relevant Period.  If you believe that that you worked more than \*\*\* full-time weeks during the Relevant Period, you must call one of the lawyers listed in Section 8 below on or before \*\*\*, 2018.  These lawyers will be happy to double-check the accuracy of your credited full-time weeks.

Based on the above, you are eligible for a total settlement payment of approximately **$\*\*\*** (\*\*\* weeks X $\*\*\*).  This payment amount might be adjusted slightly in the coming weeks.  Importantly, this payment will be reduced to account for all taxes and wage withholdings ordinarily incurred by both employees and employers.  You will receive an IRS W-2 form reflecting your payment and all withheld taxes.

***If you want to participate in the settlement and recover your payment, you must take the steps described in Section 5 below.***

Please call one of the lawyers described in Section 8 below if you have any questions about your individual payment amount or about the relationship between this settlement and the <u>Perez</u> lawsuit.

| **5.** | **What must I do to receive a money payment?** |
|---|---|

To receive money from the settlement, you must complete and return the attached **Claim Form** in an envelope postmarked on or before **\*\*\*, 2018**.

Use the enclosed, pre-addressed envelope to mail your Claim Form.  If you lose the envelope, mail your Claim Form to the following address:  Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher, PA 19025.

| **6.** | **What do I give up by receiving a money payment?** |
|---|---|

If you return a timely Claim Form, you will waive certain legal rights in exchange for your settlement payment.  Specifically, you will release Linde Corporation and any related entity, agent,

officer and other representatives from all legal claims asserted in or reasonably related to the Action and all other wage and hour and wage payment claims, arising on or prior to [*insert Approval Date*], including, but not limited to, all such claims seeking overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*, the Pennsylvania doctrine of unjust enrichment, or any other federal, state, or local statute, regulation, ordinance, or common law legal theory.

Importantly, if you are one of the 12 individuals who falls into Category B, the above release does **not** impact the legal claim that the United States Department of Labor is pursuing on your behalf in the <u>Perez</u> lawsuit mentioned in Section 3 above.

If you have questions about the above release, please call one of the lawyers identified in Section 8.

### 7.    What if I do not return a Claim Form?

If you do not return a timely Claim Form, you will not receive a settlement payment, you will not be bound by the terms of the settlement, and you will not waive or release any legal claims against the Linde Corporation.   However, because the settlement will end this lawsuit, you must start your own lawsuit if you want to independently pursue any legal claims.

### 8.    Do I have a lawyer?

Mr. Trevorah and all other individuals covered by this lawsuit are represented by the following law firms:  Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher, PA 19025 (www.winebrakelaw.com) and Crossover Law PLLC, 1143 Northern Boulevard, No. 121, Clarks Summit, PA 18411 (www.crossoverlaw.com).

Two lawyers from these firms have been designated to answer your questions about the lawsuit and the settlement.  These lawyers are:  **Pete Winebrake (215-884-2491)** and **Brian Petula (570-561-1080).**

### 9.    How do the lawyers get paid?

The law firms identified in Section 8 have worked on this lawsuit for two years without ever being paid.  The Judge has awarded these firms attorney's fees of $*** and out-of-pocket expenses of $***, which equal ***% of the total settlement fund.  You are *not* required to pay any legal fees from your share of the settlement, as described in Section 4 above.

### 10.    How do I obtain more information?

This Notice summarizes the most important aspects of the settlement.  You can obtain further information by calling one of the lawyers listed in Section 8 above.

Date: [insert date]          Approved:   <u>Honorable James M. Munley</u>
United States District Court
Middle District of Pennsylvania

# Exhibit C

## Collective Action Settlement Agreement

## SETTLEMENT CLAIM FORM

***Trevorah v. Linde Corporation***, **3:16-cv-00492-JMM**
United States District Court for the Middle District of Pennsylvania

**This form must be returned and postmarked by [*insert*], 2018 and returned to**:

> Winebrake & Santillo, LLC
> 715 Twining Road, Suite 211
> Dresher, PA 19025
> Phone: (215) 884-2491/Fax: (215) 884-2492
> Email: asantillo@winebrakelaw.com

**Name:** _____

**Street/Apartment:** _____

**City:** _____ **State:** _____ **Zip:** _____

**Cell Phone:** _____ **Other Phone:** _____

**E-mail Address:** _____

I have read the attached "Notice of Settlement" and want to join the action entitled *Trevorah v. Linde Corporation*, 3:16-cv-00492-JMM (U.S.D.C. M.D. Pa.) ("the Action") pursuant to 29 U.S.C. §216(b) and participate in the settlement of the Action. I understand and agree that, by participating in this settlement, I **RELEASE**, Linde Corporation and any other business entity, owner, officer, agent, employee, successor, heir, spouse, administrator, executor, partner, assign, or representative in any way connected to the ownership or operation of Linde Corporation from any and all wage and hour and wage payment claims of whatever nature, known or unknown, arising on or prior to the [*insert Approval Date*], including but not limited to all claims asserted in or reasonably related to this action, as well as all claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*, or any other federal, state, or local statute, regulation, ordinance, or common law legal theory (including unjust enrichment), for unpaid overtime compensation, minimum wages, other wages, expenses, liquidated damages, premium pay, interest, attorneys' fees, injunctive relief, or penalties related to overtime, minimum wages and other alleged wage and hour violations **EXCEPT** this release does *not* cover the Fair Labor Standards Act claims currently being pursued by the United States Department of Labor in Perez/Acosta v. Linde Corporation, 3:16-cv-00492-JMM (U.S.D.C., M.D. Pa.).

**Comment [H1]:** Insert for the 12 Perez Opt-Ins only.

_____          _____
DATE                                                SIGNATURE